**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————

No. 23-13877

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

PATRICK SILFRAIN,

*Defendant-Appellant.*

————————————

Appeal from the United States District Court

for the Middle District of Florida

D.C. Docket No. 6:22-cr-00059-WWB-DCI-1

————————————

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Patrick Silfrain pleaded guilty to one count of conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute 400 grams or more of a mixture or substance

containing fentanyl and 100 grams of more of a mixture or substance containing fentanyl analogue, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). He was sentenced to 262 months' imprisonment followed by 5 years of supervised release. Silfrain subsequently filed a pro se notice of appeal, and Andrew Searle was appointed as counsel for the appeal. Searle now moves to withdraw from further representation of Silfrain pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).

A lawyer's "role as advocate requires that he support his client's appeal to the best of his ability," but where "counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744, 87 S. Ct. at 1400. That request "must . . . be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.* Counsel should provide the brief to the client, and the client should be allowed time to respond. *Id.* At that point, "the court . . . proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds[,] it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned." *Id.*

Here, Searle met his duty under *Anders*. He filed a brief in which he "attempt[ed] to isolate and identify potential errors which, in the judgment of [Silfrain], another attorney, or the Court might arguably be found to be meritorious" but stated that he

23-13877                Opinion of the Court                3

believes all potential issues are frivolous. He provided a copy to Silfrain, and Silfrain did not respond.

Our independent review of the entire record reveals that Searle's assessment of the relative merit of the appeal is correct and that there are no non-frivolous issues for our review. As such, we grant Searle's motion to withdraw and affirm Silfrain's conviction and sentence.

**GRANTED AND AFFIRMED.**